NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SAMAD BROTHERS, INC, ) | |
| ) | Civil No. 05-1999 |
| Plaintiff, ) | Hon. Faith S. Hochberg, U.S.D.J. |
| v. ) | |
| ) | **OPINION and ORDER** |
| JAIPUR RUGS, INC. and ROBERT KIRBY ) | |
| ) | Date: April 27, 2005 |
| Defendants. ) | |
| ) | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Plaintiff's Order to Show Cause and Motion for a Preliminary Injunction to enjoin Defendants from infringing Plaintiff's copyright and from selling or disposing of Defendants' Jaipur Rugs, and the Court having reviewed the submissions of the parties pursuant to Fed. R. Civ. P. 78; and for good cause shown, and

it appearing that on April 15, 2005, the Court granted temporary relief to Plaintiff and set a briefing schedule to address whether the injunctive relief should be extended, and

it appearing that Defendants did not submit an opposition to Plaintiff's Order to Show Cause or Motion for a Preliminary Injunction and notified the Court by letter dated April 26, 2005 that they have not "asserted substantive arguments in opposition to the restraints Plaintiff seeks," and

it appearing an injunction is an extraordinary remedy which should only be granted in limited circumstances, AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), and

it appearing that a preliminary injunction is appropriate where the moving party produces evidence to establish the following four factors: (1) the likelihood plaintiff will prevail on the merits; (2) the extent to which plaintiff is being irreparably harmed by the conduct at issue; (3) the extent to which the non-moving party will suffer harm if the injunction is granted and whether the balance of equities favors the plaintiff; and (4) the public interest, *Id.* at 1427, *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 191 (3d Cir. 1990), and

it appearing that Plaintiff has demonstrated that a likelihood of succeed on the merits,[1] and

it appearing that Plaintiff will be irreparably harmed by the Defendants' continued sale or production of the copyrighted rugs, and

it appearing that harm to the Defendants in issuing this preliminary injunction will be minimal, especially given Defendants' lack of opposition to the Plaintiff's preliminary injunction motion, and

it appearing that public interest would be served by ensuring that the rights of copyright ownership are protected and by not rewarding Defendants' fraudulent conduct.

**IT IS** on this 27th day of April, 2005

**ORDERED** that Plaintiff's Order to Show Cause and Request for a Preliminary Injunction is **GRANTED**, and it is further

**ORDERED** that the temporary restraints order by the Court on April 15, 2005 are

---

[1] Plaintiff provided sufficient evidence, including affidavit testimony, the Settlement Agreement and copies of the copyrighted rugs, of Defendants' Copyright infringement.

extended during the pendency of this action, and it is further

**ORDERED** that defendants, their agents and employees, are enjoined immediately, during the pendency of this action, from infringing Samad's copyright in any manner, and from selling, marketing or otherwise disposing of the Jaipur Rugs in any weave, color scheme, size or shape entitled Venice, MK-9 or GRT-42, Pacific or JB-909 or as they may be entitled hereafter.

/s/ **Faith S. Hochberg**

Hon. Faith S. Hochberg, U.S.D.J.